UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARL EUGENE HAYNES,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>DR. JOHN CHAU, Physician and Surgeon; DR. D. ROBERTS, Chief Medical Executive, and SGT. M. ARTEGA, Correctional Officer,<br><br>　　　　　　　　　　Defendants. | Case No.: 19cv2257-JAH(KSC)<br><br>**REPORT AND RECOMMENDA-TION RE MOTION TO DISMISS FILED BY DEFENDANT JOHN CHAU, M.D. [Doc. No. 11.]** |

　　　Plaintiff Earl Eugene Haynes is proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to Title 42, United State Code, Section 1983, alleging his rights under the United States Constitution were violated at the Richard J. Donovan Correctional Center ("RJD") by defendant John Chau, M.D., because he was deliberately indifferent to plaintiff's serious medical needs.  The Complaint also includes a state law cause of action against Dr. Chau for medical negligence. [Doc. No. 1, at pp. 9-15, 17.]

　　　Defendant Chau has filed a Motion to Dismiss [Doc. No. 11] pursuant to Federal Rule of Civil Procedure 12(b)(6) seeking dismissal of the medical negligence cause of action against him in plaintiff's Complaint for failure to state a claim. [Doc. No. 11, at p. 2.]  Plaintiff has filed an Opposition to the Motion [Doc. No. 15], and defendant has filed

a Reply [Doc. No. 17].  For the reasons outlined more fully below, IT IS RECOMMENDED that the District Court GRANT defendant's Motion to Dismiss WITH LEAVE TO AMEND.  [Doc. No. 11.]

## *Background*

Plaintiff's Complaint alleges he was admitted to Alvarado Hospital in May 2019 for surgery on a hiatal hernia.  Shortly after this surgery, and while he was still in the hospital recovering, plaintiff had a second emergency surgical procedure to repair an opening in the incision cite.  [Doc. No. 1, at p. 10.]  On June 20, 2019, plaintiff was discharged from the hospital and sent to "E facility" at RJD for additional post-operative recovery, wound care, and monitoring by defendant Dr. Chau.  [Doc. No. 1, at p. 11.]

On June 23, 2019, plaintiff alleges he reported abdominal pain and was seen by Dr. Chau, who did nothing other than a "cursory check" of plaintiff's stomach.  By June 25, 2019, plaintiff claims he was still experiencing abdominal pain and was also noticing "signs of swelling & distension," but Dr. Chau did nothing but schedule a follow-up appointment in two days, but this time went by without any follow up.   [Doc. No. 1, at p. 11.]

On July 11, 2019, plaintiff had a consultation with Dr. Chau, which was "initiated by Dr. King, who supervised [his] suture removal." [Doc. No. 1, at p. 11.]  Plaintiff was instructed to use an abdominal binder or truss at all times.  Although he renewed his complaints of pain, discomfort, tenderness, and there was "noticeable" distension, redness, and swelling, Dr. Chau allegedly "did nothing," except schedule him for a later appointment. [Doc. No. 1, at p. 12.]

Plaintiff's next appointment with Dr. Chau was on September 4, 2019, and "a ventral hernia" was discovered, which Dr. Chau described a "soft and redu[c]ible." [Doc. No. 1, at p. 12, referring to Ex. I, at p. 28.]  Plaintiff expressed concern that the "ventral hernia" was breaking through the site of the surgical incision, but Dr. Chau told plaintiff not to worry and to use the abdominal truss.  Plaintiff also "strenuously" expressed concern to Dr. Chau about the "dismal progress" of recovery at the surgical incision cite,

but Dr. Chau showed "total disregard" for plaintiff's concerns, pain, comfort, and anxiety. [Doc. No. 1, at p. 12.]

The Complaint further alleges Dr. Chau "was completely aware [that] the incision scar had separated a second time in 60-days, allowing [plaintiff's] small bowel to protrude," but he showed a "lack of concern." [Doc. No. 1, at p. 12.] Some time thereafter, plaintiff submitted a "Health Care Service Request" or CDCR Form 7362, "explaining the dire circumstances that were becoming worse with pronounced abdominal distension." [Doc. No. 1, at p. 13.]

On September 26, 2019, plaintiff alleges he had another consultation with Dr. Chau. Allegedly the surgical incision cite was red, raw, and open, and plaintiff was still experiencing pain, discomfort, and a burning sensation. According to plaintiff, Dr. Chau's treatment notes for this date "grossly distort" the tone of this meeting and deliberately downplay the severity of the hernia. [Doc. No. 1, at p. 13.] Plaintiff claims this meeting was "contentious." [Doc. No. 1, at p. 13.] On an emergency basis and "without further delay," plaintiff wanted "repair surgery" to close the surgical incision and he also wanted surgery for the new hernia. [Doc. No. 1, at p. 13.] Allegedly, Dr. Chau's attitude toward the situation was "blasé." [Doc. No. 1, at p. 13.]

On October 15, 2019, plaintiff had a consultation with Dr. Zhang, and he was still having pain, discomfort, swelling, and trouble sleeping. A surgical consultation at the end of the month was the only option made available to him. [Doc. No. 1, at p. 14.] Because of Dr. Chau's alleged inaction, deliberate indifference, negligence, and failure to treat the situation as urgent, plaintiff claims the second hernia became infected and the distension in his abdomen is more pronounced. In addition, plaintiff continues to suffer pain and discomfort, and he is shocked that he has not been scheduled for surgery some 57 days after the second hernia was discovered. [Doc. No. 1, at p. 15.]

///
///
///

## *Discussion*

### I.  *Motion to Dismiss Standards.*

A plaintiff's complaint must provide a "short and plain statement of the claim showing that [he] is entitled to relief." *Johnson v. Riverside Healthcare System, LP*, 534 F.3d 1116, 1122 (9th Cir. 2008) (citing Fed.R.Civ.P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant[s] fair notice of what . . . the claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A motion to dismiss under Federal Rule 12(b)(6) may be based on either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Johnson v. Riverside*, 534 F.3d at 1121. A motion to dismiss should be granted if the plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In determining whether the plaintiff has alleged enough facts to state a claim, a District Court may consider "material which is properly submitted as part of the complaint," such as an attached exhibit. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 (9th Cir. 1989).

When considering a Rule 12(b)(6) motion to dismiss, the Court must "accept all allegations of material fact in the complaint as true and construe them in the light most favorable to the non-moving party." *Cedars-Sinai Med. Ctr. v. Nat'l League of Postmasters*, 497 F.3d 972, 975 (9th Cir. 2007). However, it is not necessary for the Court "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[T]hreadbare recitals" of the elements of a cause of action, "supported by mere conclusory statements," are not enough. *Ashcroft v. Iqbal*, 556 U.S. at 678. "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555.

On the other hand, "[a] document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. . . .'" *Erickson v. Pardus*, 551 U.S. at 94. Particularly in civil rights cases, courts have an obligation to construe the pleadings liberally and to afford the plaintiff the benefit of any doubt. *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985).

## II. *Defendant's Motion to Dismiss Plaintiff's Medical Negligence Claim.*

Defendant's Motion to Dismiss is only directed to the medical negligence allegations against Dr. Chau in the Complaint. Defendant does **not** contend the District Court should dismiss plaintiff's Section 1983 cause of action under the Eighth Amendment for deliberate indifference to his medical needs. [Doc. No. 11, at p. 2.] Instead, defendant argues that the Court should dismiss the medical negligence allegations against Dr. Chau, because the Complaint does not state plaintiff either complied with or is exempt from complying with the claim presentation requirements of California's Government Claims Act.[1] [Doc. No. 11, at pp. 2-3.] According to defendant, an allegation indicating compliance with or excuse from the claim presentation requirements of the Government Claims Act is "an essential element of the medical negligence claim." [Doc. No. 11, at p. 2.]

In his Opposition, plaintiff argues that any claims presentation requirement was satisfied when he promptly filed an inmate appeal in the prison's grievance system, because an inmate appeal puts the "public entity" on notice of the claim and indicates that litigation will result if the claim is not resolved through the inmate appeal process. [Doc. No. 15, at p. 3.] Alternatively, if he was supposed to present his negligence claim twice by submitting an inmate appeal **and** a separate claim under the Government Claims Act,

---

[1] The Government Claims Act was previously known as the California Tort Claims Act. *See City of Stockton v. Superior Court*, 42 Cal.4th 730, 741-742 (Cal. 2007).

he requests "equitable tolling," because any failure to comply was unintentional and due to mistake or excusable neglect. [Doc. No. 15, at pp. 3-4.]

Here, defendant's view of the applicable law is correct. California's Government Claims Act applies to negligence and other claims arising under state law. If an inmate's claim involves rights arising under state law, the inmate must not only exhaust that claim in the inmate appeals process but must also complete the claim presentation procedure required under the Government Claims Act. *See, e.g., Munoz v. California*, 33 Cal.App.4th 1767, 1776, 39 Cal.Rptr.2d 860 (1995). In addition, both state and federal courts "within California have found that this 'claim presentation requirement' constitutes an element of any cause of action arising under the Government Claims Act." *Mohsin v. California Dep't of Water Res.*, 52 F. Supp. 3d 1006, 1017–1018 (E.D. Cal. 2014). Therefore, an inmate's complaint for medical negligence and/or other state law claims is subject to dismissal for failure to state a claim if the inmate does not "allege facts demonstrating or excusing compliance with the claim presentation requirement." *State of California v. Superior Court*, 32 Cal. 4th 1234, 1237, 1239 (2004).

In this case, plaintiff's complaint does not allege or present any facts indicating compliance with the claim presentation requirements in California's Government Claims Act. In addition, as defendant points out in his Reply, plaintiff's Opposition to the Motion to Dismiss suggests he has not presented any such claim, because he seeks time "to file a late claim." [Doc. No. 15, at p. 2.] Therefore, it is recommended that the District Court GRANT defendant's Motion to Dismiss the negligence allegations in the Complaint against Dr. Chau for failure to allege facts indicating compliance with or exception from the presentation requirements in California's Government Claims Act.

"[A] district court should grant should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Doe v. United States*, 58 F.3d 494, 497 (9th Cir.1995) (internal quotation marks omitted). The "rule favoring liberality in amendments to pleadings is particularly important for the *pro se* litigant. Presumably unskilled in the

law, the *pro se* litigant is far more prone to making errors in pleadings than the person who benefits from the representation of counsel." *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (internal quotation marks omitted).

Here, defendant concedes that plaintiff may be entitled to leave to amend if he "can show the Court that he can allege plausible facts in an amended complaint establishing compliance with or excuse from the claim presentation requirements." [Doc. No. 11, at p. 4.] Accordingly, IT IS RECOMMENDED that the District Court GRANT defendant's Motion to Dismiss the negligence allegations against defendant Dr. Chau WITH LEAVE TO AMEND.

## *Conclusion*

Based on the foregoing, IT IS HEREBY RECOMMENDED that defendant Dr. Chau's Motion to Dismiss be GRANTED. [Doc. No. 11.] However, it is also RECOMMENDED that the District Court GRANT plaintiff thirty (30) days leave to file an amended complaint to allege compliance with California's Government Claims Act as to his negligence allegations against Dr. Chau.

If plaintiff files an amended complaint, it must be complete in itself and must not refer in any manner to any prior complaint. As outlined above, an amended complaint must include plausible allegations indicating compliance with or exception from the presentation requirements in California's Government Claims Act as to plaintiff's negligence allegations against Dr. Chau. If plaintiff does not timely file an amended complaint, his negligence allegations against Dr. Chau will be subject to dismissal, but plaintiff would still be able to pursue his deliberate indifference allegations against Dr. Chau under Section 1983.

The undersigned Magistrate Judge submits this Report and Recommendation to the United States District Judge assigned to this case pursuant to Title 28, United States Code, Section 636(b)(1).

/ / /

/ / /

IT IS HEREBY ORDERED that **_no later than December 28, 2020_** any party to this action may file written objections with the District Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

IT IS FURTHER ORDERED that any reply to the objections shall be filed with the District Court and served on all parties **_no later than January 11, 2021_**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: December 7, 2020

_____
Karen S. Crawford
United States Magistrate Judge