UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARL EUGENE HAYES, CDCR #H-23481,<br><br>                              Plaintiff,<br><br>v.<br><br>DR. JOHN CHAU, Physician and Surgeon,<br><br>                            Defendant. | Case No.:  19cv2257-JAH (KSC)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATIONS [Doc. No. 18]** |

    For the reasons set forth below, this Court ADOPTS the Report and Recommendations ("Report") submitted by the magistrate judge pursuant to 28 U.S.C. § 636(b)(1), Doc. No. 18, and Defendant's Motion to Dismiss ("Motion"), Doc. No. 11, is hereby GRANTED without leave to amend.

## BACKGROUND

    On November 25, 2019, Plaintiff Eugene Hayes ("Plaintiff"), a state prisoner proceeding *pro se* and in forma pauperis, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983, alleging his rights under the United States Constitution were violated at the Richard J. Donovan Correctional Center ("RJD") by Defendant John Chau, M.D. ("Defendant"), because he was deliberately indifferent to Plaintiff's serious medical needs.  The Complaint also includes a state law cause of action against Dr. Chau for medical negligence.  *See* Doc. No. 1.

Plaintiff also filed a motion to proceed in forma pauperis ("IFP") on November 25, 2019, pursuant to 28 U.S.C. § 1915(a). *See* Doc. No. 2. On March 16, 2020, the Court granted Plaintiff's IFP motion and issued summons. *See* Doc. Nos. 9, 10.

On May 27, 2020, Defendant filed the instant motion to dismiss, seeking dismissal of the medical negligence cause of action against him in Plaintiff's Complaint for failure to state a claim pursuant to Federal Rule of Procedure 12(b)(6). *See* Doc. No. 11.

Plaintiff filed a response in opposition to the motion to dismiss on August 5, 2020. *See* Doc. No. 15. Defendant subsequently filed its reply on August 17, 2020. *See* Doc. No. 17.

On December 7, 2020, Magistrate Judge Karen S. Crawford submitted the Report to this Court recommending that Plaintiff's state negligence allegations be dismissed for failure to allege facts indicating compliance with or exception from the presentation requirements in California's Government Claims Act. *See* Doc. No. 18. Plaintiff filed his response to the Report and therein agrees with the dismissal of the state law claims only. *See* Doc. No. 21.

## **DISCUSSION**

The district court's role in reviewing a magistrate judge's report and recommendation is set forth in Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). When a party objects to the magistrate judge's report and recommendation, the district court "shall make a de novo determination of those portions of the report . . . to which objection is made," and may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); see also Fed. R. Civ. P. 72(b)(3).

When no objections are filed, the district court is not required to conduct a de novo review of the magistrate judge's report and recommendation. *See Wang v. Masaitis*, 416 F.3d 992, 1000 n. 13 (9th Cir. 2005) (stating that "*de novo* review of a [magistrate judge's report and recommendation] is only required when an objection is made"); *United States v. Reyna–Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that 28 U.S.C. §

636(b)(1)(c) "makes it clear that the district judge must review the magistrate judge's findings and recommendations *de novo* if objection is made, but not otherwise"). This rule of law is well established within the Ninth Circuit and this district. *See Hasan v. Cates*, No. 11–cv–1416, 2011 WL 2470495 (S.D. Cal. June 22, 2011) (Whelan, T.) (adopting in its entirety, and without review, a report and recommendation because neither party filed objections to the report despite having the opportunity to do so); *accord Ziemann v. Cash*, No. 11–cv–2496, 2012 WL 5954657 (S.D. Cal. Nov. 26, 2012) (Benitez, R.); *Rinaldi v. Poulos*, No. 08–cv–1637, 2010 WL 4117471 (S.D. Cal. Oct. 18, 2010) (Lorenz, J.).

Here, the Plaintiff concedes to the dismissal of his state law cause of action against the Defendant for medical negligence. *See* Doc. No. 21. Thus, in the absence of any objections, the Court ADOPTS the Report. However, because Plaintiff failed to file his claim within the legally specified time period under California's Government Claims Act, the motion to dismiss is GRANTED without leave to amend. *See Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) ("[A] district court should grant leave to amend . . . unless it determines that the pleading could not possibly be cured by the allegation of other facts").

## CONCLUSION AND ORDER

For the reasons stated in the Report, which are incorporated herein by reference, Defendant's motion to dismiss, [Doc. No. 11], is **GRANTED**, and the state law cause of action is **DISMISSED** without leave to amend. The Clerk of Court shall enter judgment reflecting the foregoing.

**IT IS SO ORDERED**.

DATED:   July 20, 2021

_____
JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE